2011 UT App 82

**SOUTH SALT LAKE CITY, Petitioner and Appellee,**

v.

**William D. PETERSON, Respondent and Appellant.**

No. 20100965–CA.

Court of Appeals of Utah.

March 17, 2011.

William D. Peterson, South Salt Lake City, Appellant Pro Se.

Lyn L. Creswell and Paul H. Roberts, South Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 William D. Peterson appeals the order of the district court affirming an administrative decision that concluded Peterson had violated South Salt Lake City Ordinance 8.44 regarding the maintenance of real property. "Any person adversely affected by an administrative proceeding [of a municipal government] may petition a district court for review of the administrative determination." Utah Code Ann. § 10–3–703.7(5)(a)(ii) (2008). The district court's review is based on the record of the administrative proceeding. *See id.* § 10–3–703.7(5)(b) (stating that the district court may not accept evidence that is not included in the record from the administrative proceeding unless that evidence was offered in the administrative proceeding and the district court determines that it was improperly excluded). In a petition filed in the district court, "the petitioner may only allege that the administrative proceeding's decision was arbitrary, capricious, or illegal." *Id.* § 10–3–703.7(5)(a)(ii).

¶ 2 On September 22, 2009, South Salt Lake City (the City) filed a Notice of Violation and Summons with the South Salt Lake City Office of Administrative Hearings. In December 2009, an Administrative Law Judge (ALJ) sustained the notice of violation, ordered Peterson to correct the violations, authorized the City to abate the conditions if Peterson did not do so, and assessed a twenty dollar per day fine of until the violations were remedied. Peterson appealed the ALJ's December 2009 decision to the district court. Because the recording equipment had malfunctioned at the November 2009 hearing, the district court granted the City's motion to remand the case for a rehearing. After the rehearing in March 2010, the ALJ again sustained the notice of violation in an April 7, 2010 decision. The district court considered Peterson's appeal based upon the record created at the March rehearing.

¶ 3 The sole question before the district court was whether the ALJ's order was arbitrary, capricious, or illegal. *See id.* § 10–3–703.7(5)(a)(ii). Thus, the district court first considered whether the factual findings were supported by sufficient evidence to prevent them from being arbitrary or capricious. Based upon its review of the record, the district court concluded that the ALJ's findings were not arbitrary or capricious. The district court also concluded that the ALJ's decision was not illegal and that none of Peterson's complaints warranted reversal. " 'When a lower court reviews an order of an administrative agency and we exercise appellate review of the lower court's judgment, we act as if we were reviewing the administrative agency decision directly' and 'do not defer, or accord a presumption of correctness, to the lower court's decision.' " *Carrier v. Salt Lake Cnty.,* 2004 UT 98, ¶ 17, 104 P.3d 1208 (quoting *Cowling v. Board of Oil, Gas & Mining,* 830 P.2d 220, 223 (Utah 1991)).

¶ 4 In the administrative proceedings and before both the district court and this court, Peterson has complained about two earlier cases in which the City was required to abate violations by entering his property to remove solid waste. However, because Peterson and his family corrected the violations that were the basis of the September 22, 2009 notice, the City did not enter the property to abate violations in the case now before us. Accordingly, our review in this case is limited to issues regarding the notice of violation dated September 22, 2009, and we do not address issues regarding the City's actions during prior cases.

¶ 5 A South Salt Lake City Code Enforcement Officer testified at the November 2009 hearing and presented evidence in support of the allegations. Peterson objected to the participation of an Assistant City Attorney at the March 2010 rehearing. He believed that because a Code Enforcement Officer presented the City's case in the November 2009 hearing, an attorney could not appear at the rehearing. He asserted that he was entitled to dismissal of the proceedings against him because no licensed attor-

ney had appeared at the first hearing. The position is without merit. Peterson has not demonstrated that a Code Enforcement Officer could not present the City's case in the administrative proceedings. Furthermore, South Salt Lake City Ordinance section 2.22.080(F) grants participants in administrative hearings "the right to be represented by an attorney or other advocate."

¶ 6 Peterson does not challenge the factual findings of the ALJ or dispute the evidence supporting them. Accordingly, we conclude that the district court did not err in determining that the decision of the ALJ was neither arbitrary nor capricious. Peterson continually objected to the removal of his construction materials and research equipment. He claimed that the City could not interfere with his business, that he did not require a City-issued business license, and that his business was subject to federal protection. In his response to our sua sponte motion, Peterson continues to complain about the removal of his property in prior cases and the interference of the City with his property. Even if these assertions are construed to be claims that the ALJ's decision sustaining the notice of violation was illegal, the claim is not supported by sufficient, persuasive analysis. Accordingly, the district court also did not err in concluding that the ALJ's decision was not illegal. Finally, Peterson moves this court to transfer this case to the United States District Court. Because this appeal from the district court's review of an adjudicative proceeding of a local agency is within our jurisdiction, see Utah Code Ann. § 78A–4–103(2)(b)(i) (Supp. 2010), and because there is no basis for federal jurisdiction over such a state court appeal, we deny the motion to transfer this case to the federal district court.

¶ 7 We affirm the decision of the district court.